WILLIAM CUNNINGHAM, Appellant, *v.* THE BAY STATE SHOE AND LEATHER COMPANY, Respondent.

Defendant had a contract with the county of K., for the services of the convicts in the penitentiary of that county, to be rendered within its walls, in shops furnished by the county. The shops and convicts were under the control of the prison authorities. In a shop building furnished under the contract was an elevator used by defendant in carrying on its business. Plaintiff, who was in the employ of persons engaged in repairing the building under a contract with the county, fell down the elevator hole, which was not covered or guarded, and was injured. In an action to recover damage, *held*, defendant was not liable.

(Submitted October 1, 1883; decided October 16, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 18, 1881, which affirmed a judgment in favor of defendant, entered upon an order dismissing the complaint on trial. (Reported below, 25 Hun, 210.)

This action was brought by plaintiff to recover damages for injuries alleged to have been sustained, by reason of defendant's negligence. Plaintiff was in the employ of Martin & Lee, who were engaged under a contract with the county of Kings in repairing the upper part of a building, in

the grounds of the Kings county penitentiary used for shops. Defendant was engaged in manufacturing shoes in said building under a contract with said county, by which the latter agreed to furnish the services of a specified number of convicts, and also suitable shops in the penitentiary grounds in which to employ the convicts and assistant keepers to keep them in order. There was an elevator in the building, near the stair-way, leading to the different stories; this elevator was used by defendant to carry material to the different stories; plaintiff descended the stairs to the first floor and stepped into and fell down through the elevator pit. The elevator had gone to one of the upper stories, being run, as the evidence tended to show, by one of the convicts whose services were furnished under the contract.

Further facts appear in the opinion.

*Thomas E. Pearsall* for appellant. The relation existing between The Bay State Shoe and Leather Co., the defendant, and the convicts, was that of master and servant. (*Kimball* v. *Cushman*, 103 Mass. 198; Wood on Master and Servant, 10, 11; *Althorp* v. *Wolfe*, 22 N. Y. 355; *Sadler* v. *Henlock*, 30 Eng. L. & Eq. 167; *Hill* v. *Morey*, 26 Vt. 178; *Stevens* v. *Armstrong*, 16 N. Y. 435; *Gleason* v. *Amsdell*, 11 N. Y. W'kly Dig. 59.) It was such as to cause the defendant to owe the plaintiff a specific legal duty. (*Swords* v. *Edgar*, 59 N. Y. 30; *Indermaur* v. *Dames*, 1 C. P. 274, 277; *S. C.*, 2 id. 311; *Lancaster Canal Co.* v. *Parnaby*, 11 Ad. & El. 223; *Smith* v. *Dock Co.*, L. R., 3 C. P. 326; *Nicholson* v. *Erie R R. Co.*, 41 N. Y. 537; Shearman & Redfield on Negligence, 591, § 508; *Ackert* v. *Lansing*, 59 N. Y. 646; *Carlton* v *Franconia, etc., Co.*, 99 Mass. 219; *Sweeney* v. *Old Colonie, etc., Co.*, 10 Allen, 393.) The question of contributory negligence on the part of the plaintiff was a question for the jury. (*Weber* v. *N. Y. C. R. R. Co.*, 58 N. Y. 451; *Thurber* v. *Harlem R. R.*, 60 id. 330, 331; *Hawley* v. *N. C. R. R.*, 82 id. 370; *Bolton* v. *Baxter*, 58 id. 411.) It is only where there is no evidence in law which if believed will sustain a verdict that the

court is called upon to nonsuit. (*Colt* v. *Sixth Ave. R. R. Co.,* 49 N. Y. 671; *Painton* v. *N. C. R. R.,* 83 id. 7; *Fort* v. *Whipple,* 11 Hun, 586–593; *Colgrove* v. *N. Y. & H. R. R. Co.,* 20 N. Y. 494; *Ernst* v. *H. R. R. Co.,* 35 id. 25.)

*B. F. Tracy* for respondent. When the circumstances point just as much to negligence as to its absence, or point in neither direction, plaintiff cannot recover. (*Cordell* v. *N. Y. C.,* 75 N. Y. 330; *Reynolds* v. *N. Y. C.,* 54 id. 248; *Riceman* v. *Havemyer,* The Reporter, April 13, 1881.)

EARL, J. The elevator belonged to the county of Kings, and was constructed by it some years before the occurrence of the accident to the plaintiff. It was not even in the exclusive use or possession of the defendant, who had a contract with the county by which it agreed to pay the county for the services of the convicts in the penitentiary, to be rendered to it within the walls of the penitentiary, in shops to be furnished by the county. It was not strictly in possession of the shops. The prison authorities had possession and control of them, subject to the right of the defendant to use them in the prosecution of the work under its contract. It did not have absolute control of the convicts. They were to a large extent under the control of the prison officials. The plaintiff was not in its service. It was bound to no duty of vigilance to protect him against danger. He was not within the penitentiary walls upon its invitation, or in its service, or by its express license. He was there in the employment of Martin & Lee, who had a contract with the county for work upon the shop buildings. The place where he was injured was just as the defendant found it when it went there. It had not done any thing to make it dangerous, and was not bound as to the plaintiff to do any thing to make it entirely safe so that he should suffer no injury. Defendant, therefore, violated no duty which it owed him, and incurred no liability.

The judgment should be affirmed.

All concur.

Judgment affirmed.